Argued September 13, affirmed September 28, 1960

PARIS ET UX *v.* SMITH ET AL
355 P. 2d 635

*Gordon G. Carlson,* Roseburg, argued the cause for appellants. On the brief were Yates, Murphy & Carlson, Roseburg.

*Robert M. Stults,* Roseburg, argued the cause for respondents Glenn Smith and Clara Smith and for cross-appellant Glenn Smith. With him on the briefs was Don H. Sanders, Roseburg.

*George W. Neuner,* Roseburg, argued the cause for

respondents Mark Averill and Ralph Averill. With him on the brief were Clark W. Adams, Aberdeen, Washington, and Long, Neuner & Dole, Roseburg.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

SLOAN, J.

This was a suit in partition. The issues to be decided were derived from conflicting claims of ownership to two separate undivided one-sixth interests in the real property to be partitioned. Plaintiff claimed ownership of one of the one-sixth interests which was disputed by the defendants Glenn Smith and Clara A. Smith. The title to the other one-sixth interest involved a conflict between the defendant, and in respect to this claim, cross-appellant, Glenn Smith and the defendants Mark Averill and Ralph Averill. Other conflicting claims in the trial of the case have not been appealed. The land in dispute is timberland situate in Douglas County.

Several years ago the land was owned by one B. B. Averill. Upon the death of that individual, title to the property became vested in six brothers and sisters. One of the sisters was one Harriet, also described as Tryphena, Edson. Harriet Edson resided in Michigan. When she died, about 1935, her one-sixth interest in the real property was devised to a trustee for the benefit of her brothers and sisters. Her estate was probated in Michigan. In 1950 defendant Clara Smith obtained a deed from the trustee of the Harriet Edson estate. Clara Smith did not record the deed.

In 1954 plaintiff became interested in buying the property. He retained the firm of Yates, Murphy and Carlson of Roseburg to assist him in doing so. The

dispute between plaintiff and defendant Clara Smith results from the failure of Clara Smith to record the deed to her of the Edson one-sixth interest. Because of her failure to record, and thereby establish her claim of title, plaintiff also accepted a deed from the same trustee of the Edson estate and paid valuable consideration for it. The question to be decided is: Did plaintiff have actual knowledge of defendant Clara Smith's deed and was he a bona fide purchaser?

The issue is one of fact. When plaintiff was negotiating to buy the land, his attorney, Yates, called on Mrs. Smith at her home in Tacoma. Notes made by Yates at that time reveal that Mrs. Smith told him she had an unrecorded deed. Mrs. Smith testified she exhibited the deed to Yates, he denied it. It is clear that Yates was advised that Mrs. Smith claimed she had a deed. However, Yates chose to disbelieve Mrs. Smith's claim and paid for and accepted the deed from the trustee without adequate inquiry as to the trustee's title at that time. The trial court's finding in regard to this evidence was:

"That an issue was tendered and evidence produced as to the ownership of the one-sixth (1/6) interest originally owned by Harriet (Tryphena) Edson. This interest was claimed by both the plaintiffs and the defendant Clara A. Smith. As to said interest the Court finds that plaintiffs' attorney Spencer W. Yates did not see the Runciman to Smith deed dated March 28, 1951, while conferring with Mrs. Smith in Tacoma, Washington, or with her attorney Robert Cooper of Tacoma in 1954. That thereafter, and prior to June 10, 1955, plaintiffs, through their attorneys, learned unquestionably of the existence of said deed; that said attorneys did not have actual knowledge of the contents of said deed and failed to make reasonable or diligent inquiry to learn the contents of the deed from

Runciman to Clara A. Smith and of the claim of Mrs. Smith under said deed. That at the time of the acquisition of the Runciman-Paris deed dated June 10, 1955, plaintiffs knew or should have known of the claim of Mrs. Smith to the said one-sixth (1/6) interest."

The evidence supports the trial court's finding and we concur with it.

Plaintiffs' attorneys testified that they made no effort to examine or have examined the probate records of the Harriet Edson estate in Michigan. Such an examination would have revealed that the trustee of that estate had been authorized to execute the deed to Mrs. Smith. Instead of making the inquiry suggested, plaintiffs' attorneys relied on statements of the trustee and his attorney that no deed had been executed to Mrs. Smith. The plaintiffs had ample notice of the deed to Mrs. Smith to inform them that they dealt with the trustee at their peril. There is nothing in the record to justify plaintiffs' failure to make reasonable inquiry.

■ The dispute between defendants Glenn and Clara Smith, as cross-appellants, and defendants Mark Averill and Ralph Averill also involved an alleged unrecorded deed from the father of the defendants Averill. The father had also been a brother of the original owner, B. B. Averill. In this instance there was testimony in behalf of defendant Smiths, of very unbelievable character, that the original deed had been lost. Other evidence, unnecessary to recite, prompted the trial court to find possible forgery or alteration of such a deed if, in fact, it had ever existed. In respect to the dispute involving these parties, the trial court found:

"That an issue was tendered and evidence pro-

duced as to the ownership of the one-sixth (1/6) interest originally owned by Peter Depew Averill. This interest was claimed by both the defendant Glenn Smith and the defendants Mark Averill and Ralph Averill. As to said interest the Court finds that the purported documents by which the defendant Glenn Smith claims said interest were false and are not genuine and that the defendants' Ralph Averill and Mark Averill claim to said interest has been sustained."

The evidence fully supports the trial court's finding.

These are the only issues to be decided in this appeal. No question of law is involved. The decree is affirmed.